**CITY OF BLUFF CITY, a Municipal Corporation, Plaintiff–Appellant,**

v.

**JOHNSON CITY, a Municipal Corporation, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

March 6, 1990.

Application for Permission to Appeal Denied by Supreme Court July 23, 1990.

Timothy W. Hudson, Bristol, for plaintiff-appellant.

James H. Epps, III, City Atty., and James D. Culp, Staff Atty., Johnson City, David H. Hornik, Nashville and J. Wesley Edens, Bristol, for defendant-appellee.

OPINION

GODDARD, Judge.

This is a suit by Bluff City against Johnson City, seeking a determination that Bluff City was entitled to priority in annexing certain property in the Piney Flats area of Sullivan County, part of which Johnson City was also attempting to annex.

The Trial Court found in favor of Johnson City, resulting in this appeal. Although couched in different language in Bluff City's brief, the real issue is whether the Trial Court was correct in finding that Bluff City did not have first priority to annex the disputed territory.

Bluff City's corporate limits are entirely within Sullivan County and Johnson City when originally chartered was entirely within Washington County, although by later annexation a small portion of the corporation is now in Sullivan County.

The following is a chronological recitation of the material facts of this case which are undisputed and, for the most part, stipulated:

*September 3, 1987.* Bluff City passed a resolution to annex property in the Piney Flats community in Sullivan County under

the provisions of T.C.A. 6–51–110, providing for annexation by referendum.

*September 17.* Bluff City passed a motion to table the annexation resolution originally passed on September 3.

*February 18, 1988.* Johnson City passed an ordinance to annex a portion of the same territory pursuant to T.C.A. 6–51–102, providing for annexation by ordinance.

*March 17.* Johnson City passed its annexation ordinance on second reading.

*April 7.* In light of Johnson City's action to annex, Bluff City passed the previously tabled annexation resolution on second reading.

*April 21.* Johnson City passed its annexation ordinance on third reading.

*May 5.* Bluff City passed a resolution requesting Johnson City to repeal its annexation ordinance.

*May 19.* When satisfaction was not forthcoming, Bluff City authorized employment of an attorney and filing of this suit.

*May 20.* Present suit was filed.

The only point in dispute is the evidence given by Councilman Bill Ray of Bluff City, who testified he talked with the Johnson City manager, John Campbell, that Mr. Campbell agreed not to bring up the annexation ordinance at the next Council meeting (April 21) for a final reading. Mr. Campbell denies any such agreement was made.

We do not deem this conflict material in that Mr. Ray knew, or surely should have known, that the City Manager did not have authority to make such an agreement or bind Johnson City's Council in respect thereto.

Resolution of this appeal turns on the application of T.C.A. 6–51–110(c), which provides as follows:

(c) If two (2) municipalities which were incorporated in different counties shall initiate annexation proceedings with respect to the same territory, the proceedings of the municipality which was incorporated in the same county in which the territory to be annexed is located shall have precedence and the other municipality's proceedings shall be held in abeyance pending the outcome of the proceedings of the municipality which was incorporated in the same county as the territory to be annexed.

The Trial Court, while recognizing it was a close call, was of the opinion that because Bluff City failed to publish its annexation resolution as required by T.C.A. 6–51–104 and failed to seek a referendum as required by T.C.A. 6–51–105, it had not initiated annexation proceedings as required by T.C.A. 6–51–110.

In all deference to the Trial Court we respectfully disagree. Obviously, it was the legislative intent that cities within a county should have the priority in annexing that county's property, and irrespective of which municipality made the first move, Bluff City would still be in the preferred position. We thus conclude under the facts of this case that by passing the resolution on the second reading on April 17, Bluff City initiated an annexation proceedings, thus bringing itself within the provisions of the priority statute.

We recognize that the Trial Court was correct in finding that Bluff City had not met the requirements of the statutes either in publishing its resolution or seeking a referendum. However, we would view any action by Bluff City in regard thereto as premature. We reach this conclusion because we are of the opinion that the ordinance was ineffective until passed on third reading. We say this because the minutes of the April 17 meeting speak of passing the resolution on a second reading, and one of the commissioners expresses doubt as to whether he would support passage on a third reading. This being the case it would not have been appropriate to have posted the notices or requested an election until after final passage.

Moreover, we are persuaded that Bluff City acted in good faith by first requesting Johnson City to rescind its ordinance and thereafter filing this suit, rather than proceeding with a final passage of its own annexation resolution and incurring the expense of an election which would have been an idle gesture should Johnson City have prevailed.

Upon remand Bluff City will have a reasonable time within which, should it desire, to pass the resolution in question upon final reading.

For the foregoing reasons the case is reversed and remanded for such further proceedings, if any, as are necessary and collection of costs below. Costs below and of appeal are adjudged against Johnson City.

FRANKS and ANDERSON, JJ., concur.